IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LAURA A. PAINTER                                           PLAINTIFF

v.                      CIVIL NO. 17-5187

NANCY A. BERRYHILL, Commissioner
Social Security Administration                                   DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Laura A. Painter, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for DIB and SSI on July 28, 2015, alleging an inability to work since January 30, 2014, due to TMJ, three bulging discs in neck, chronic depression, fibromyalgia, severe anxiety, cyst on brain, insufficient vitamin D, mass (three) on left breast, attention deficit disorder and premenstrual dysphoric disorder. (Tr. 143, 286, 290). An administrative hearing was held on May 27, 2016, at which Plaintiff appeared with counsel and testified. (Tr. 111-140).

By written decision dated August 22, 2016, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 60).

1

Specifically, the ALJ found Plaintiff had the following severe impairments: depression, anxiety, fibromyalgia, carpal tunnel syndrome, status post carpal tunnel release of the left upper extremity, degenerative disc disease of the cervical spine, obesity and sleep apnea. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 60). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can occasionally reach overhead bilaterally, and occasionally climb, balance, crawl, kneel, stoop, and crouch. The claimant can frequently handle and finger with her hands bilaterally. The claimant also retains the ability to perform simple, routine, and repetitive tasks in a work setting where interpersonal contact is incidental to the work performed, and can respond to supervision that is simple, direct, and concrete.

(Tr. 63). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a small product assembler, a document preparer, and an escort vehicle driver. (Tr. 71).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff, denied that request on July 24, 2017.[1] (Tr. 1-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 16).

---

[1] With respect to the additional evidence from the relevant time period that was submitted to the Appeals Council, the Appeals Council made the following determination, "We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not consider and exhibit this evidence." The Court notes that, here, as the Court found in Benoit v. Berryhill, although the Appeals Council denied Plaintiff's request for review and indicated that it did not consider or exhibit the evidence, the Appeals Council's decision reflects that the Appeals Council received the additional records; that it reviewed these records; and that it concluded that these records did not provide a basis for changing the decision of the ALJ. See Benoit v. Berryhill, 2018 WL 4554519 *7 (E.D. Mo. 2018).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 7th day of January 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE